IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA EARL, | Case No.: 2:20-cv-505 |
| Plaintiff, | *Electronically Filed & Served* |
| v. | |
| NVR, INC. t/a HEARTLAND HOMES OF PENNSYLVANIA, | |
| Defendant. | |

### CASE MANAGEMENT ORDER

**AND NOW**, this 26th day of May, 2021, **IT IS ORDERED** that this action is placed under Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to all case management, status, or pretrial conferences to obtain authority to participate in settlement negotiations to be conducted by the Court. Counsel are encouraged to instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

1

**IT IS FURTHER ORDERED** that compliance with provisions of Rule 16.1 shall be completed as follows:

(1) Plaintiff and Defendant will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by **June 14, 2021**.[1]

(2) If any party is dissatisfied with the Rule 26(a)(1) disclosures (*i.e.,* if a party has failed to fully produce the actual documents), the dissatisfied party(ies) shall file a Motion to Compel by **June 17, 2021**. The opposing party shall file a Response to any Motion(s) to Compel by June 21, 2021 ~~within 10 days of~~ any motion to compel is filed.

(3) The parties shall move to amend the pleadings or add new parties by **June 25, 2021.**

(4) The parties shall complete fact discovery by **October 25, 2021**.

All interrogatories, depositions, requests of admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

---

[1] **Procedures Following Inadvertent Disclosure ("Clawback")**: Pursuant to Local Rule LCvR 16.1 (D), and to aid in the implementation of Fed. R. Evid. 502, the following is Ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:
   a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.
   b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.
   c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

2

(5)  **EXPERT REPORTS AND DISCOVERY:**     (If applicable)

    (a)   Plaintiff's expert reports shall be filed by **September 23, 2021**.

    (b)   Defendant's expert reports shall be filed by **October 13, 2021**.

    (c)   All expert depositions shall be completed by **October 25, 2021**.

(6) Responses to motions to compel are due within 10 calendar days of the filing of the motion.

(7) The parties shall comply with Local Rule 56 with respect to making a motion for summary judgment and the filing of a response to the motion. The movant shall file a motion for summary judgment in accordance with the requirements of Local Rule 56B on or before **November 15, 2021**. The opposing party shall file its opposition in accordance with the requirements of Local Rule 56C on or before **November 26, 2020**. On the same date of the filing of said opposition, the movant shall file a joint concise statement of material facts which combines the movant's concise statement of material facts with the responsive concise statement, e.g., the movant shall combine its separately numbered paragraph (1) with the response to that same numbered paragraph in a revised separately numbered paragraph (1). The joint concise statement shall be prepared so that each response immediately follows the movant's fact to which it responds, and is readily identifiable as a response and not part of the movant's submission. The opposing party shall cooperate with the movant in preparing the joint concise statement of material facts. Briefs supporting or opposing summary judgment motions shall not exceed 15 pages, excluding tables of authorities. Reply and surreply briefs shall not be filed unless approved/requested

by the Court.

(8) Plaintiff's pretrial narrative statement shall comply with Rule 16.1C, and be filed by **December 27, 2021**.

(9) Defendant's pretrial narrative statement shall comply with Rule 16.1C, and be filed by **January 6, 2022**.

(10) Material facts not identified in the pretrial narrative statements may be excluded upon objection or *sua sponte*. Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for any witness or exhibit to be used solely for impeachment purposes. Plaintiff should use numbers with a "P" prefix to designate exhibits (e.g., P1, P2, . . .); Defendant should use numbers with a "D" prefix to designate exhibits (e.g., D1, D2, . . .).

(11) The parties shall not amend or supplement their pretrial narrative statements without leave of Court.

(12) All parties shall file an indication whether or not they are willing to proceed to trial in front of a Magistrate Judge by **June 25, 2021**.

_____
Arthur J. Schwab
United States District Judge

cc: All counsel of record