IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA EARL,

       Plaintiff,                               20cv0505
                                                  ELECTRONICALLY FILED

       v.

NVR, INC.,

       Defendant.

**MEMORANDUM ORDER ON PLAINTIFF'S MOTION IN LIMINE (Doc. 101),
AND DEFENDANT'S MOTIONS IN LIMINE
(Doc. 103), (Doc. 105), (Doc. 107),(Doc. 109), (Doc. 111)**

    *I.*    *Plaintiff's Motion to Preclude Testimony Related to Asset Purchase Agreement (Doc. 101)*

Pending is Plaintiff Lisa Earl's "Motion in Limine To Preclude Testimony Related to Asset Purchase Agreement." (Doc. 101). In her Motion in Limine, Plaintiff requests that Defendant, NVR, Inc., be precluded from offering any evidence of, or making any reference to, a December 2012 Asset Purchase Agreement between NVR and Heartland Homes, Inc. ("the Asset Purchase Agreement") at trial. In support thereof, Plaintiff asserts: (1) said preclusion is consistent with this Court's ruling in its March 18, 2022 "Memorandum Order Granting in Part, and Denying in Part, Defendant's Motion for Summary Judgment" ("Summary Judgment Memorandum Order"); and (2) she would be unfairly prejudiced due to confusion and misleading the jury if evidence of, or any reference to, the Asset Purchase Agreement was introduced at trial. (*Id.* at 2).

Defendant responds:

The Asset Purchase Agreement, and testimony about NVR's acquisition of the assets is needed to *avoid* the risk of confusing the jury. Plaintiff signed a Standard Agreement with a company called 'Heartland Homes, Inc.' But Plaintiff has sued

an entirely different company, NVR, Inc. Precluding any testimony related to the Asset Purchase Agreement will leave the jury in the dark as to why NVR is here in the first place.

(Doc. 102 at 1).

Consistent with this Court's ruling in its Summary Judgment Memorandum Order,[1] Plaintiff's "Motion in Limine To Preclude Testimony Related to Asset Purchase Agreement" is granted: Defendant is not permitted to offer any evidence regarding, or make any reference to, the Asset Purchase Agreement entered into between NVR, Inc. and Heartland Homes, Inc. at trial.[2]

## II.   *Defendant's Motion in Limine to Preclude Evidence of Alleged Oral Representations Made Prior to and After Plaintiff Signed the Standard Agreement.  (Doc. 105)*

Also pending is Defendant's "Motion in Limine to Preclude Evidence of Alleged Oral Representations Made Prior to and After Plaintiff Signed the Standard Agreement." (Doc. 105). By way of this Motion in Limine, Defendant seeks to exclude: (1) any evidence of alleged oral representations made prior to Plaintiff signing the Standard Agreement, (2) any evidence of alleged oral representations made after Plaintiff signed the Standard Agreement; and (3) alleged copies of the Standard Agreement that were not signed by all parties thereto. (Doc. 105-2).

---

[1] In its Summary Judgment Memorandum Order, the Court held as follows:

> The Court finds that Defendant is barred from utilizing the Purchase Asset Agreement to defend itself against Plaintiff's Amended Complaint. As such, the Court finds that Defendant, as the builder and seller of Plaintiff's Home, assumed any liability on the part of HHI [Heartland Homes, Inc.], which are based upon HHI's representations and actions concerning Plaintiff's Home.

(Doc. 82 at 9).

[2] Consistent with this ruling, Plaintiff's objection to D57 as set forth in the parties' Amended Joint Exhibit List Chart, is sustained. (Doc. 123 at 17).

For the following reasons, Defendant's "Motion in Limine to Preclude Evidence of Alleged Oral Representations Made Prior to and After Plaintiff Signed the Standard Agreement" is granted in part, denied in part, and deferred in part.

> A. *Evidence of alleged oral representations made prior to Plaintiff signing the Standard Agreement is excluded*

In support of its Motion in Limine to preclude Plaintiff from introducing any evidence of alleged oral representations made prior to Plaintiff signing the Standard Agreement, Defendant first argues that because this Court ruled in its Summary Judgment Memorandum Order that "Plaintiff cannot be said to have justifiably relied on any oral representations made before the parties entered into the Standard Agreement with respect to the sale of the Home," any evidence of alleged oral representations made prior to Plaintiff signing the Standard agreement is not relevant.  (Doc. 105 at 1-2).

Alternatively, Defendant argues that if said evidence is relevant, then it should be precluded because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  (*Id*. at 2).

In response, Plaintiff "requests the Court reconsider its conclusion that statements made prior to the execution of the parties' Agreement be excluded," and argues that the parol evidence rule does not bar Plaintiff's UTPCPL claim which is tortious and statutory, and not contractual, in nature.  (Doc. 113 at 2-3).

Consistent with this Court's Summary Judgment Memorandum Order,[3] any evidence of alleged oral representations made prior to Plaintiff signing the Standard agreement is not relevant to Plaintiff's UTPCPL claim. Therefore, Defendant's Motion in Limine is granted to the extent that Plaintiff may not introduce evidence of oral statements made to Plaintiff before she signed the Standard Agreement to prove her UTPCPL claim against Defendant.

In so holding, Plaintiff's request that this Court reconsider its summary judgment decision on pre-signing oral representations is denied. Having reviewed Plaintiff's argument in support of reconsideration,[4] for the same reasons set forth in the Court's Summary Judgment Memorandum Order at 11-14, the Court finds that the parol evidence rule is applicable to Plaintiff's UTPCPL claim, and Plaintiff has not shown: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that the purpose of reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," and a party seeking

---

[3] In its Summary Judgment Memorandum Order, this Court determined:

[T]he Standard Agreement is the parties' entire contract, and therefore, because Plaintiff agreed in the Standard Agreement that: (1) "any representations . . . made by Seller . . . are not a part of this Agreement or any addendum thereto unless expressly incorporated or stated in this Agreement or any addendum thereto;" and (2) "there are no other representations . . . oral or otherwise of any kind whatsoever concerning this sale," the parol evidence rule must be applied with respect to prior representations made to Plaintiff, such that Plaintiff cannot be said to have justifiably relied on any oral representations made before the parties entered into the Standard Agreement with respect to the sale of the Home. Accordingly to the extent that Plaintiff's UTPCPL claim is based upon her justifiable reliance on any oral representations made to Plaintiff prior to Plaintiff signing the Standard Agreement, Defendant's Motion for Summary Judgment as to Plaintiff's UTPCPL claim must be granted.

(Doc. 82 at 14).

[4] Plaintiff's argument, that the parol evidence rule does not bar a claim such as Plaintiff's UTPCPL claim, because it is tortious and statutory in nature, and not contractual in nature, is essentially the same argument previously raised by Plaintiff in opposition to Defendant's Motion for Summary Judgment. Compare (Doc. 113 at 2-3) to (Doc. 66 at 12).

reconsideration must show at least one of the following to obtain relief: 1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.").

### B. Evidence of alleged oral representations made after Plaintiff signed the Standard Agreement is not excluded

Defendant asserts:

> Just as the integration cluse and parol evidence rule barred Plaintiff from relying on oral representation made prior to signing the Standard Agreement, so too does it bar Plaintiff from claiming she justifiably relied on oral representations made after signing the Standard Agreement. Because Paragraph (C) provided that the Standard Agreement "will not be altered, amended, changed or modified except in writing executed by the parties," Plaintiff has no basis to claim that she justifiably relied upon alleged oral representations made after she signed the Standard Agreement.[5]

([Doc. 105 at 3](#)).

The parol evidence rule does not bar the introduction of oral representations made after a contract is entered into, *i.e,* after Plaintiff signed the Standard Agreement. *See Nicolella*

---

[5] Arguably, this part of Defendant's motion in limine is a dispositive motion clothed as a motion in limine. As explained in *Denbury Onshore, LLC v. Christensen*, Civ. No. 14-19, 2015 WL 11023559 (D. Wyo. May 11, 2015):

> The motion in limine, however, is not a vehicle to bring a dispositive motion or a motion to amend. E.g., *Mansourian v. Regents of Univ. of California*, No. CIV S-03-2591 KJM, 2011 WL 6205909, at *1 (E.D. Cal. Dec. 13, 2011) (unpublished) ("A motion in limine is by definition an evidentiary motion; courts look with disfavor upon presenting dispositive motions in the guise of motions in limine."); *Williams v. Johnson*, 747 F.Supp.2d 10, 20 (D.D.C. Oct. 31, 2010) ("Simply put, [Defendant] has cloaked a motion for summary judgment in the form of a motion in limine, but the deadline to file dispositive motions has long since passed."); *Dunn ex rel. Albety v. State Farm Mut. Auto. Ins. C*o., 264 F.R.D. 266, 274 (E.D. Mich. 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine.") (quoting *Nomo Agroindustrial SA DECV v. Enza Zaden N. Am. Inc*., 2007 WL 1077023, at *1 (D.Ariz. Apr. 9, 2007) (unpublished)) (internal quotation marks omitted).

*Denbury Onshore, LLC*, 2015 WL 11023559, at *3.

5

*v. Palmer*, 248 A.2d 20, 23 (Pa. 1968) (stating, "the parol evidence rule bars only prior or contemporaneous oral agreements, not subsequent ones."); *Krishnan v. Cuttler Group, Inc.*, 171 A.3d 856 (Pa Super. 2017) (explaining, "the parol evidence rule applies only to previous negotiations, conversations, and verbal agreements"). Therefore, oral representations made to Plaintiff made after she signed the Standard Agreement are not barred by the parol evidence rule.

Moreover, the Court finds that Paragraph 30(C) of the Standard Agreement does not, as argued by Defendant, preclude Plaintiff from introducing, in support of her UTPCPL claim, evidence of alleged oral representations made to Plaintiff after she signed the Standard Agreement.[6]

Accordingly, Defendant's Motion in Limine is denied to the extent that it seeks to preclude Plaintiff from presenting any evidence of oral representations made to Plaintiff after she signed the Standard Agreement.

> C. *The admissibility of a copy of the Standard Agreement that was not signed by all parties thereto will be ruled on at a later date*

In a footnote to "See Fed. R. Evid., 401, 402," Defendant summarily asserts "Plaintiff has also identified as an Exhibit an alleged copy of the Standard Agreement of Sale which was not signed by all the parties. The Court should preclude the use of this exhibit for the same reason." (Doc. 105 at 2, n. 5, Doc, 106 at 2 n. 1).

The Court defers ruling on the admissibility of this Exhibit, P32 in the Amended Joint Exhibit List Chart (Doc. 123 at 7), and whether Plaintiff should be precluded from introducing a copy of the Standard Agreement that was not signed by all parties thereto, until the Court issues

---

[6] Paragraph 30(C) of the Standard Agreement provides: "It is further understood that this Agreement contains the whole Agreement between Seller and Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale. Furthermore, this Agreement will not be altered, amended, changed or modified except in writing executed by the parties." (Doc. 106-1 at 10).

rulings with respect to the remainder of the exhibits objected to in the parties' Amended Joint Exhibit List Chart (Doc. 123).

### III. Defendant's Motion in Limine to Preclude Evidence Regarding Alleged Defects Not Identified in Plaintiff's Expert Report (Doc. 107)

Also pending is Defendant's "Motion in Limine to Preclude Evidence Regarding Alleged Defects Not Identified in Plaintiff's Expert Report." (Doc. 107). In this Motion in Limine, Defendant asserts that "Plaintiff's Expert Report enumerates particular alleged defects in Plaintiff's home," and that "[w]ith no other expert testimony to establish a standard of care or breach of that standard for any other alleged defects in Plaintiff's home, Plaintiff cannot satisfy her burden of proof regarding any other alleged defects in her home." (Doc. 107 at 1). The expert report which Defendant is referencing is Plaintiff's expert report, prepared by RDA, which is found at Doc. 54.

In support thereof, Defendant cites to *Am. Power, LLC v. Speedco, Inc.*, Civ. No. 15-2091, 2017 WL 4084060 (M.D. Pa. Jan. 17, 2017), for the proposition that "[w]here a tort action turns on allegations of a technical nature relating to some alleged defect in a product, and the Plaintiff has failed to provide expert proof identifying the defect in the product or drawing a causal connection between that allegedly defective product and the Plaintiff's injuries, courts have held that product liability and related negligence claims fail as a matter of law and must be dismissed." (*Id*. at 1-2).

Defendant further argues, summarily, that: "Plaintiff should be precluded from presenting evidence of any alleged defect in the home not set forth in Plaintiff's report because it is not relevant," and "[a]lternatively to the extent there is some relevance to such evidence, this evidence should be barred because its probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (*Id*. at 2) (citing Fed. R. Evid. 401-403).

In response, Plaintiff asserts: "Plaintiff's experts will testify within the scope of their Report but this does not mean that lay witnesses should be precluded from testifying regarding their personal knowledge and experience with the at-issue property." (Doc. 114 at 1). Plaintiff furth elaborates:

> Unlike the *Am. Power* case and the cases it discusses, Plaintiff's case does not involve a complex tort that would require an expert with significant technical or scientific understanding to "identify the defect or to draw a causal connection between the product and the alleged harm" As such, no expert is required; certainly not to discuss every single defect or issue Plaintiff has experienced as a result of NVR's poor construction of her home.  For example, an expert would not be necessary to testify to a leaky window or to an obvious crack.

(Doc. 114 at 3).  *See also id*. (arguing, "Plaintiff and others, including but not limited to Deric Neal, are competent to testify to what they have witnessed and experienced.  For this reason, Plaintiff should not be barred from introducing evidence related to other defects").

In *American Power, LLC v. Speedco, Inc.* case, Civ. No. 15-2091, 2017 WL 4084060 (M.D. Pa. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 4150463 (M.D. Pa. Aug. 24, 2017), at issue was a Freightliner semi-truck owned by Plaintiff that had experienced a sudden, explosive and catastrophic engine failure shortly after undergoing basic maintenance servicing by Defendant.  In discussing what evidence was needed for Plaintiff to prove its complex tort (negligence) claim against Defendant, the Court explained:

> Pennsylvania law recognizes that proving the elements of these [negligence] claims in complex tort cases often requires presentation of expert testimony. This requirement is imposed by Rule in professional malpractice negligence actions and requires a certificate of merit from an expert witness to sustain such a claim. *See* Pa.R.C.P. No. 1042.3. In other complex tort actions, such as product liability cases, courts have also opined that expert witnesses are often necessary to establish liability. Further, courts recognize that there are consequences which flow from a failure to provide such proof. Where a tort action turns on allegations of a technical

8

> nature relating to some alleged defect in a product, and the Plaintiff has failed to provide expert proof identifying the defect in the product or drawing a causal connection between that allegedly defective product and the Plaintiff's injuries, courts have held that product liability and related negligence claims fail as a matter of law and must be dismissed. *See e.g. Mays v. Gen. Binding Corp.*, No. CIV. 11-5836 JBS/JS, 2013 WL 1986393, at *6 (D. N.J. May 10, 2013), *aff'd*, 565 Fed.Appx. 94 (3d Cir. 2014); *Ellis v. Beemiller, Inc.*, 910 F.Supp.2d 768, 774 (W.D. Pa. 2012); *Mracek v. Bryn Mawr Hosp.*, 610 F.Supp.2d 401, 402 (E.D. Pa. 2009), aff'd, 363 Fed.Appx. 925 (3d Cir. 2010); *McCracken v. Ford Motor Co.*, 392 Fed.Appx. 1, 4 (3d Cir. 2010); *Koplove v. Ford Motor Co.*, 795 F.2d 15, 17 (3d Cir. 1986). The only exception to this general rule under Pennsylvania exists with respect to negligence claims "where the matter is '"so simple, and (the) lack of skill or want of care so obvious, as to be within the range of ordinary experience and comprehension of even nonprofessional persons."' *Berman, supra*, 205 F.Supp.2d at 364 (citing *Brannan v. Lankenau Hospital*, 490 PA 588, 417 A.2d 196 (1980))." *Hakeem v. Salaam*, No. CIV.A. 3:03-0098, 2006 WL 4130488, at *7 (M.D. Pa. July 18, 2006), subsequently *aff'd*, 260 Fed.Appx. 432 (3d Cir. 2008).
>
> The instant lawsuit is one such case where expert testimony is required to sustain the Plaintiff's burden of proof. The issues of negligence and causation presented in this litigation are not so simple, or the lack of care so obvious that the Plaintiff can sustain its burden of proof and persuasion by simply relying upon the ordinary experience and comprehension of lay persons. Some expert proof is needed to establish this claim.

*Am. Power, LLC,* 2017 WL 4084060, at *6-7.

When expert testimony is necessary to prove a plaintiff's claim was also addressed in the United States Court of Appeals for the Third Circuit's decision in *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000). In *Oddi, supra.*, the Court of Appeals for the Third Circuit explained:

> As a general principle, "[e]xpert evidence is not necessary ... if all the primary facts can be accurately and intelligibly described to the jury, and if they, as [persons] of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training of the subject under investigation." *Padillas*, at 415–16 (citation omitted); *see also Cipriani v. Sun Pipe Line Co.*, 393 Pa.Super. 471, 574 A.2d 706, 710 (1990)( "However, expert testimony is not required when the matter under consideration is simple and lack of ordinary care is obvious and within the range of comprehension of the average juror.") (citations omitted). Although expert evidence is generally required in a products liability case where a defect is alleged, we have never foreclosed the possibility that a defective condition may be

9

> established through non-expert evidence. In *Padillas* we opined that since the case was at the summary judgment stage, it was "premature to rule out that testimony and pictures may enable the jury to clearly see the construction of the machine and the manner of its use, rendering expert testimony unnecessary." *Padillas*, at 416. Consequently, we held that it was entirely possible that Padillas' non-expert testimony may be "sufficient to submit his claim of defect to the jury." *Id.*

*Oddi*, 234 F.3d at 159.

Defendant's "Motion in Limine to Preclude Evidence Regarding Alleged Defects Not Identified in Plaintiff's Expert Report" is denied. Consistent with the analyses set forth by the Court of Appeals for the Third Circuit in *Am. Power, LLC, supra.*, and *Oddi, supra.*, the Court finds that Plaintiff may introduce evidence of defects in her Home that are not listed in RDA's expert report where the defect is simple/not technical, and the lack of ordinary care is within the range of comprehension of the average juror. Furthermore, contrary to Defendant's argument, the Court finds that: (1) said evidence is relevant to Plaintiff's UTPCPL claim; and (2) the probative value of the evidence would not be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**IV.** *Defendant's Motion in Limine to Preclude Witnesses and Exhibits Not Timely Identified By Plaintiff.* (Doc. 109)

Also pending is Defendant's "Motion in Limine to Preclude Witnesses and Exhibits Not Timely Identified By Plaintiff," wherein Defendant seeks an Order that "Plaintiff shall be precluded from calling any witness or using any exhibit not timely identified in a pretrial statement by February 3, 2022." (Doc. 109, Doc. 109-1).

The basis for Defendant's Motion in Limine is that: (1) Plaintiff did not timely file her Pretrial Statement on February 3, 2022, as ordered by this Court in its September 30, 2021 Amended Case Management Order (Doc. 51); and (2) paragraph 10 of the Amended Case

10

Management Order states: "Witnesses or exhibits not identified in the pretrial narrative statements shall not be admissible at trial, except for any witness or exhibit to be used solely for impeachment purposes"  (Doc. 110 at 2) (citing Doc. 51, ¶¶ 8, 10-11).

Plaintiff responds: (1) she filed her Pretrial Statement late due to an internal calendaring error; (2) at a April 5, 2022 status conference, Defendant orally moved to have Plaintiff's witnesses and exhibits excluded because of Plaintiff's late filing of her Pretrial Statement, and the Court implicitly denied the motion, stating that an order would issue setting forth deadlines for exchanging witnesses and exhibits; (3) Defendant's Motion in Limine does not argue, and cannot argue, that any prejudice resulted as a result of Plaintiff's late filing; and (4) the exclusion sought by Defendant is an extreme sanction that is not warranted under the circumstances. (Doc. 115 at 1-2).

As set forth in the Court's September 30, 2021 Amended Case Management Order, Plaintiff's Pretrial Statement originally was due on February 3, 2022.  (Doc. 51 at 3).  Plaintiff filed her Pretrial Statement on February 17, 2022.  (Doc. 81).

Defendant raised this late filing issue during the status conference held on April 5, 2022. (Doc. 89).  At that time, the Court stated that part of the late filing issue was court driven (Defendant's motion for summary judgment, and Plaintiff's motion to file an amended complaint were both outstanding at the time Plaintiff's Pretrial Statement was due).  The Court further explained that it would not grant such a request by the Defendant, and that it would be filing a Pretrial Order allowing the parties to amend their witness statements and other documents to conform with the Court's rulings on the final verdict slip.

Thereafter, in conformance with said statement, on April 18, 2022, the Court filed its Final Verdict Slip (Doc. 95) and a Pretrial Order (Doc. 96), which ordered Plaintiff to file her

11

Witness List by June 6, 2022, Defendant to file its Witness List by June 14, 2022, and the parties to file a Joint Exhibit List Chart by June 29, 2022.

On June 6, 2022, Plaintiff timely filed her list of trial witnesses and offers of proof. (Doc. 98). On June 14, 2022, Defendant timely filed its list of trial witnesses and offers of proof. (Doc. 99). On June 29, 2022, the parties timely filed their Joint Exhibit List Chart. (Doc. 100).[7]

Because: (1) as stated, part of the late filing issue was court driven (Defendant's motion for summary judgment, and Plaintiff's motion to file an amended complaint were both outstanding at the time Plaintiff's Pretrial Statement was due); and (2) Plaintiff's counsel has credibly represented that the 2-week late filing of the original Pretrial Statement (later timely supplemented) was due to an internal calendaring error, the Court finds that Defendant was not prejudiced by Plaintiff originally filing her Pretrial Statement 2 weeks late, and precluding the introduction at trial of all witnesses and exhibits not timely identified by Plaintiff in her original Pretrial Statement is too extreme a sanction. Thus, Defendant's "Motion in Limine to Preclude Witnesses and Exhibits Not Timely Identified By Plaintiff" is denied.

### VI. *Defendant's Corrected Motion in Limine to Preclude Testimony by Deric Neal*

Finally, pending is Defendant's "Corrected Motion in Limine to Preclude Testimony of Deric Neal."[8] (Doc. 111).

Deric Neal ("Mr. Neal") is listed in Plaintiff's Trial Witnesses and Offers of Proof as follows:

4. Deric Neal will testify on the following topics:

---

[7] Subsequently, the parties were ordered to file an Amended Joint Exhibit List Chart (Doc. 122), which was filed on August 15, 2022 (Doc. 123).

[8] In light of Defendant's "Corrected Motion in Limine to Preclude Testimony by Deric Neal" (Doc. 111), Defendant's (original) "Motion in Limine to Preclude Testimony by Deric Neal" (Doc. 103) is denied as moot.

> \* Liability and Damages – Deric Neal will testify to the deficiencies in the home as well as the resultant damages including but not limited to the cost of repairs.

(Doc. 98 at 1) (emphasis in original).

By way of this Motion in Limine, Defendant seeks to preclude Mr. Neal from testifying at trial in any capacity, *i.e,* as either a lay witness, or as an expert witness, because Plaintiff failed to properly disclose Mr. Neal to Defendant, as either a lay or expert witness as required by the Federal Rules of Civil Procedure.  Defendant further seeks to preclude the use, or admissibility as an exhibit, of Mr. Neal's "Report of Assessment in regards to the Earl Residence" ("Neal Assessment Report"), a document Plaintiff produced to Defendant by attaching it to her Complaint, and Amended Complaint.

In support of its contention that Mr. Neal should not be permitted to testify at all in this case, Defendant asserts that Plaintiff failed to disclose Mr. Neal: (a) in her Rule 26(a)(1) initial disclosures; (b) in her answer to an interrogatory that requested Plaintiff "[i]dentify all persons known to you, your attorneys, your investigators, or anyone acting on your behalf who have or may have knowledge of the facts, events, conditions or circumstances described in your First Amended Complaint" and then provide certain enumerated information, as to said person; or (c) as an expert witness in her expert disclosures.  Therefore, Defendant argues, because the discovery deadlines have long since passed, Defendant will be substantially prejudiced if Mr. Neal is permitted to testify at trial.  (Doc. 111 at 1-3) (citing Fed. R. Civ. P. 37(c)(1)).

Defendant further contends that if Mr. Neal is permitted to testify, his testimony should be limited to that of a lay witness, and he should not be permitted to provide expert testimony. In particular, Defendant argues that Mr. Neal should be precluded from testifying "regarding his inspection of Plaintiff's home, the standard of care applicable to builders in general or NVR in particular, NVR's deviation from such alleged standard of care, and the costs to repair such

13

alleged defects," because said testimony "requires specialized knowledge or expertise, and is thus expert testimony governed by Fed. R. Evid. 702."[9]  (Doc. 111 at 5).

Finally, Defendant asserts that Plaintiff should be precluded from using, or offering into evidence, the Neal Assessment Report, because the Report is inadmissible hearsay.[10]  (Doc. 112 at 5).

In response to Defendant's assertion that Mr. Neal should be precluded from testifying at all at trial because Plaintiff failed to properly disclose Mr. Neal as a potential witness, Plaintiff argues that Defendant has known about Mr. Neal and the Neal Assessment Report "literally from day one," since the Neal Assessment Report was attached to both Plaintiff's original and Amended Complaint, and Defendant's expert states in his expert report that he reviewed the Neal Assessment Report.  (Doc. 116 at 1-2, Doc. 116-1).

In response to Defendant's assertion that Mr. Neal should be precluded from testifying as an expert witness at trial, Plaintiff states that she is not seeking to use Mr. Neal as an expert

---

[9] Expert testimony is governed by Federal Rule of Evidence 702, which is titled "Testimony by Expert Witnesses," and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

[10] The Neal Assessment Report is listed as P34 in the Amended Joint Exhibit List Chart.  (Doc. 123 at 8).

witness, and that he will only testify as a lay witness, consistent with Rule 602[11] and 701[12] of the Federal Rules of Evidence, with respect to his personal knowledge of the property at issue in this case. (*Id*. at 2). "Neal is one of many contractors who observed the property damage in dispute and one of many contractors who provided estimates for repairs to the property." (*Id.*).

Plaintiff does not respond to Defendant's hearsay argument with respect to the admissibility of the Neal Assessment Report. She does, however, object to Defendant's hearsay argument with respect to the Neal Assessment Report in the parties Joint Exhibit List Chart, stating "Mr. Neal can testify as to the contents of his report." (Doc. 123 at 8).

### A. *Mr. Neal can testify as a lay witness at trial*

Defendant's Motion in Limine is denied to the extent that Defendant seeks a ruling that Mr. Neal shall be precluded from testifying at trial in any capacity. Based upon: (1) Plaintiff's representation that she is not seeking to have Mr. Neal testify as an expert witness as trial; (2) the Neal Assessment Report being attached to both Plaintiff's Complaint and Amended Complaint; (3) Defendant's expert having reviewed the Neal Assessment Report in connection with the preparation of his expert report; and (4) Defendant's notification by Plaintiff in February, 2022, months before the December 2022 trial was even scheduled, that Mr. Neal

---

[11] Federal Rule of Evidence 602 is titled "Need For Personal Knowledge," and reads in relevant part: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

[12] Federal Rule Evidence 701 is titled "Opinion Testimony by Lay Witnesses," and provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

would be a witness at trial, such that Defendant could have sought permission from the Court to reopen discovery for the limited purpose of deposing Mr. Neal, the Court finds that any failure on the part of Plaintiff to identify Mr. Neal as a lay witness as required by Federal Rule of Civil Procedure 26(a) was both substantially justified and harmless.  Therefore, exclusion of Mr. Neal as a lay witness at trial pursuant to Federal Rule of Civil Procedure 37(c) is not warranted.  Mr. Neal is permitted to testify at trial, as a lay witness.

> B. *Consistent with Federal Rules of Evidence 602, 701, and 702, as a lay witness, Mr. Neal can testify as to what he saw while inspecting Plaintiff's home and the cost to repair any defects he personally observed, but he cannot testify regarding the standard of care applicable to builders in general or NVR in particular, or NVR's deviation from such alleged standard of care*

"A trial judge must rigorously examine the reliability of a layperson's opinion by ensuring that the witness possesses sufficient specialized knowledge or experience which is germane to the opinion offered."  *Donlin v. Philips Lighting N.A. Corp.,* 581 F.3d 73, 83 (3d Cir. 2009) (*citing Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1200–01 (3d Cir.1995)).  As stated, Defendant contends that Mr. Neal should be precluded from testifying regarding:  (1) his inspection of Plaintiff's home; (2) the standard of care applicable to builders in general or NVR in particular; (3) NVR's deviation from such alleged standard of care; and (4) the costs to repair such alleged defects, because said testimony is expert testimony governed by Federal Rule of Evidence 702.  (Doc. 111 at 5).

Having ruled that Mr. Neal is limited to testifying as a lay witness consistent with Federal Rules of Evidence 602 and 701, the Court further finds that Defendant's Motion in Limine is denied to the extent that Mr. Neal can testify at trial about: (1) what he saw while inspecting of Plaintiff's home; and (2) the cost to repair any defects he personally observed, because such testimony falls within the ambit of Rules 602 and 701, and not Federal Rule of Evidence 702.

Defendant's Motion in Limine is granted, however, in that Mr. Neal cannot testify regarding: (1) the standard of care applicable to builders in general or NVR in particular; or (2) NVR's deviation from such alleged standard of care, because said testimony falls under the purview of expert opinion covered by Federal Rule of Evidence 702.

        C. *The permitted use, and admissibility, of the Neal Assessment Report will be ruled on at a later date*

Finally, with respect to Defendant's request that Plaintiff be precluded from using or offering into evidence the Neal Assessment Report because: (1) it is the report of a witness who has not made the requisite disclosures to be permitted to offer expert testimony; and (2) regardless, the Neal Assessment Report is inadmissible hearsay, the Court defers ruling on the permitted use, and admissibility, of the Neal Assessment Report, P34 in the Amended Joint Exhibit List Chart, until it issues rulings with respect to the remainder of the exhibits objected to in the Amended Joint Exhibit List Chart (Doc. 123).

        SO ORDERED this 7th day of October, 2022.

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All ECF Registered Counsel of Record